# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AFC, INC. ET AL. | CIVIL ACTION |
| VERSUS | No. 16-16560 |
| MATHES BRIERRE ARCHITECTS | SECTION I |

### ORDER AND REASONS

Defendant Mathes Brierre Architects moves[1] for summary judgment on the ground that plaintiffs, AFC, Inc., Ernest Ladner, and Vonnie Ladner, have neither a contribution nor an indemnity claim against Mathes Brierre. For the following reasons, the motion is granted in part and denied in part.

### I.

Defendant Mathes Brierre was the architect for the Boomtown Casino in Harvey; plaintiff AFC was a subcontractor. (Plaintiffs Ernest and Vonnie Ladner are the principals of AFC). Alleged construction defects resulted in an arbitration proceeding between the contractor of the Boomtown project and the plaintiffs here. The arbitration ended after the plaintiffs paid the Boomtown contractor to settle the arbitration.

Plaintiffs, alleging that the construction defects were solely due to the fault of Mathes Brierre, then filed the present lawsuit seeking contribution and/or indemnity from Mathes Brierre. Mathes Brierre now moves for summary judgment.

---

[1] R. Doc. No. 13.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

2

genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**III.**

AFC's complaint raises both a contribution claim and a legal indemnity claim. R. Doc. No. 2, at 10 ¶ 33.[2]

The contribution claim fails. "[C]ontribution applies only when joint tortfeasors are solidarily liable." *Solstice Oil & Gas I LLC v. OBES Inc.*, No. 12-2417, 2014 WL 5500685, at *4 (E.D. La. 2014). Since 1996, solidary liability only exists in Louisiana for intentional tort claims. *Id.* Plaintiffs do not raise intentional tort claims. Thus, summary judgment is proper on the contribution claim. *Id.*

That leaves the Louisiana law legal indemnity claim. (There is no contractual indemnity claim). "A claim for legal indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed." *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 335 (5th Cir. 2011). "Accordingly, a party who is actually negligent or actually at fault cannot recover legal indemnity." *Id.* (internal quotation marks and alterations omitted).

---

[2] The Court does not read plaintiffs' complaint to assert an independent negligence claim. Rather, plaintiffs' discussion of negligence occurs in the context of the indemnity claim. Therefore, the Court does not address the arguments regarding the propriety of an independent negligence claim.

3

Because plaintiffs timely filed their indemnity claim within one year of the settlement[3] with the contractor, *see Reggio v. E.T.I.*, 15 So. 951, 957-58 (La. 2008), the viability of the indemnity claim turns on whether Mathes Brierre was solely at fault for the construction defects. Plaintiffs have submitted testimony that, if credited, indicates as much. *See, e.g.*, R. Doc. No. 15-1, at 1-8.[4] Therefore, summary judgment on the indemnity claim is inappropriate.

IV.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED IN PART**. Plaintiffs' contribution claim is **DISMISSED WITH PREJUDICE**. The remainder of the summary judgment motion is **DENIED**.

New Orleans, Louisiana, April 27, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[3] Mathes Brierre argues that a settling party cannot bring an indemnity claim. Such an argument, however, is inconsistent with Louisiana law. In *Reggio*, the Louisiana Supreme Court held that the prescriptive period on an indemnity claim "does not commence . . . until a party has sustained a loss, either through payment, *settlement*, or an enforceable judgment." 15 So. at 957-58 (emphasis added). That holding necessarily presupposes that a settling party may bring an indemnity claim.

[4] Defendant argues that the Court should not consider any of the affidavits attached to plaintiffs' opposition because the affidavits contain inadmissible hearsay. But the defendant does not actually specify the hearsay statements to which it is objecting. Therefore, the Court deems the argument waived due to a failure to sufficiently brief the issue. Nonetheless, even when the Court discounts the statements from the affidavits that might potentially be hearsay, the Court remains convinced that the affidavits—if credited by the finder of fact—provide a basis for a determination that there was no negligence by the plaintiffs.