# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AFC, INC. ET AL. | CIVIL ACTION |
| VERSUS | No. 16-16560 |
| MATHES BRIERRE ARCHITECTS | SECTION I |

## ORDER AND REASONS

Defendant Mathes Brierre was the architect for the Boomtown Casino in Harvey; plaintiff AFC was a subcontractor. (Plaintiffs Ernest and Vonnie Ladner are the principals of AFC.) Alleged construction defects resulted in an arbitration proceeding between the contractor of the Boomtown project and the plaintiffs here. The arbitration ended after the plaintiffs paid the Boomtown contractor to settle the arbitration.

Plaintiffs, alleging that the construction defects were solely due to the fault of Mathes Brierre, then filed the present lawsuit seeking indemnity from Mathes Brierre. Mathes Brierre now moves[1] for summary judgment as to plaintiffs' various damages theories, arguing that they seek damages that are not recoverable under Louisiana law. For the following reasons, the motion is granted in part and denied in part.

---

[1] R. Doc. No. 42.

# I.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**II.**

Indemnity in Louisiana is an action "founded upon the general obligation to repair the damage caused by one's fault" and "the moral maxim that no one ought to enrich himself at the expense of another." *Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 186 (La. 1999). Thus, for example, where a party is "exposed to liability and compelled to pay damages and statutory attorney fees on account of the negligent act of [another], an implied contract of indemnity [arises] . . . to prevent an unjust enrichment." *Id.* at 187. That implied contract of indemnity "shifts the entire loss to the party who is actually at fault." *Id.*

This Court previously determined that there was a genuine dispute of material fact as to whether defendant Mathes Brierre was entirely at fault for the construction defects. *See* R. Doc. No. 30. The parties now dispute the extent to which plaintiffs may recover certain damages from Mathes Brierre provided that plaintiffs can establish that Mathes Brierre was entirely at fault for the loss.[2]

**A.**

Plaintiffs' settlement agreement with the contractor included a provision that plaintiffs would forfeit their final payment from the contractor. The parties dispute

---

[2] "[A] party who is actually negligent or actually at fault cannot recover legal indemnity." *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 335 (5th Cir. 2011) (internal quotation marks and alterations omitted).

whether plaintiffs may recover for the final payment that plaintiffs never actually received due to the settlement. Plaintiffs suggest they can because the forfeited payment constitutes a de facto loss; defendants suggest that plaintiffs' entire loss cannot encompass what plaintiffs never actually had (*i.e.*, since plaintiffs never physically received the final payment, plaintiffs cannot lose that amount).

Neither side points to case law directly controlling this issue. In the absence of controlling case law, however, this Court rejects Mathes Brierre's approach, which improperly exalts formalism over functionalism. Legal indemnity is ultimately an equitable doctrine that entitles plaintiffs to compensation for an entire damages award occasioned by another party's fault. *See Nassif*, 739 So. 2d at 186-87. Given those equitable roots, the Court sees little reason to adopt a rule that required the plaintiffs to go through the silly process of receiving the last payment from the contractor only to then immediately return it to the contractor as part of a settlement. If the plaintiffs can show that Mathes Brierre was entirely at fault for the construction defects,[3] plaintiffs can recover the forfeited amount from Mathes Brierre in indemnity.

---

[3] Mathes Brierre suggests in passing that the forfeited final payment somehow establishes as a matter of law that plaintiffs necessarily share some fault for their damages. However, the Court sees no reason why that would necessarily be true and the record evidence substantiates a genuine dispute of material fact as to Mathes Brierre's sole fault. *See* R. Doc. No. 30, at 4.

B.

Some of plaintiffs' settlement payments came from plaintiffs' insurer rather than plaintiffs themselves. Mathes Brierre, relying on federal maritime cases, suggests that the amounts paid by plaintiffs' insurer are not recoverable because they do not constitute actual losses to the plaintiffs. *See Waters v. Harvey Gulf Int'l, Inc.*, 592 F. Supp. 6, 8 (E.D. La. 1983). Plaintiffs counter that the collateral source rule bars Mathes Brierre from using payments from plaintiffs' insurer to decrease the amount Mathes Brierre owes the plaintiff.

At the outset, Mathes Brierre's reliance on federal maritime law is only so helpful. Louisiana indemnity law does not invariably follow federal indemnity law. *See Kinsinger v. Taco Tico, Inc.*, 861 So. 2d 669, 673 (La. Ct. App. 5th Cir. 2003). But even more importantly, Mathes Brierre's argument appears inconsistent with Louisiana's version of the collateral source rule. In Louisiana, "any payments received by the plaintiff from an independent source are not deducted from the award the injured party would otherwise receive from the wrongdoer." *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702, 704 (La. 2015). "In short," in Louisiana, a wrongdoer may not "benefit from the victim's foresight in purchasing insurance and other benefits." *Id.*

Here, if plaintiffs' version of the facts is accepted, Mathes Brierre's tortious conduct forced the plaintiffs to pay damages to the contractor on the Boomtown project. That plaintiffs were able to rely on their insurance company to pay part of the amount that plaintiffs legally owed should not otherwise decrease the amount

5

owed by Mathes Brierre. *Id.* at 704. Plaintiffs paid for insurance coverage,[4] and Mathes Brierre is not allowed to benefit from plaintiffs' foresight in purchasing insurance. Otherwise plaintiffs will be dissuaded from purchasing insurance and wrongful conduct will be insufficiently deterred insofar as Mathes Brierre will not be forced to pay the true cost of its (alleged) negligence. The collateral source rule precludes Mathes Brierre's attempt to rely on plaintiffs' insurer to decrease the damages that Mathes Brierre may owe to plaintiffs.

## C.

The plaintiffs also seek compensation for their defense costs and attorney's fees—costs that were paid by both plaintiffs and their surety—in the underlying arbitration. Mathes Brierre argues that such costs are not recoverable in an indemnity action. The Court agrees.

In contract indemnity actions, Louisiana has a "general rule that absent some specific language in the indemnification contract, attorney fees and defense costs are not owed." *Kinsinger*, 861 So. 2d at 673. Unsurprisingly, then, Louisiana courts have not permitted a party to recover that party's *own* attorney's fees and defense costs when enforcing the implied contract of indemnity in a legal indemnity action. *See,*

---

[4] *See Hoffman*, 209 So. 3d at 706 ("[I]n both *Bozeman* and *Bellard*, we emphasized a fundamental consideration for application of the collateral source rule, in addition to tort deterrence, is whether the victim, by having a collateral source available as a source of recovery, either paid for such benefit or suffered some diminution in his or her patrimony because of the availability of the benefit, such that no actual windfall or double recovery would result from application of the rule." (internal quotation marks omitted)).

6

*e.g.*, *Eaves v. Spirit Homes, Inc.*, 931 So. 2d 1173, 1180 (La. Ct. App. 3d Cir. 2006).[5] And though the plaintiffs criticize those cases, this Court may "not disregard the decisions of Louisiana's intermediate courts unless" it is "convinced that the Louisiana Supreme Court would decide otherwise." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Plaintiffs' assorted citations do not provide the Court with the requisite level of certainty necessary to disregard the rulings of the Louisiana appellate courts in *Kinsinger* and *Eaves*. The Court finds that plaintiffs may not seek indemnity for their own defense costs and attorney's fees in the underlying arbitration, and grants in part Mathes Brierre's motion for summary judgment.

**D.**

The parties agree that lost profits related to lost business opportunities are not recoverable in indemnity actions. Therefore, the Court finds that such damages are unavailable as a matter of law, and grants in part Mathes Brierre's motion for summary judgment.

---

[5] A party may, however, recover any fees it had to pay the other party in the underlying action. *See Nassif*, 739 So. 2d at 186 ("[W]e conclude that the equitable principle of restitution applies in an action for indemnity to allow a defendant who is only technically or constructively liable for a plaintiff's loss to recover from the party actually at fault the attorney fees it was compelled to pay the plaintiff, even in the absence of a statute or contract of indemnification.").

IV.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

New Orleans, Louisiana, June 26, 2017.

                                          **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**