UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AFC, INC. ET AL.                                                         CIVIL ACTION

VERSUS                                                                   No. 16-16560

MATHES BRIERRE ARCHITECTS                                                SECTION I

### ORDER AND REASONS

AFC, Inc. asks this Court to reconsider its prior determination that AFC is not entitled to their defense costs and attorney's fees in the underlying arbitration. *See* R. Doc. No. 64 (motion); R. Doc. No. 60 (Court's order). However, AFC provides the Court with no new authorities to change this Court's prior determination.

Again, though AFC continues to focus on federal maritime cases, those cases are only so helpful because Louisiana indemnity law does not invariably follow federal indemnity law. *Cf. Kinsinger v. Taco Tico, Inc.*, 861 So. 2d 669, 673 (La. Ct. App. 5th Cir. 2003) ("Although the Federal Fifth Circuit . . . imposed an obligation for attorney fees, it acknowledged in its opinion that the court was not basing its decision to allow attorney's fees to the indemnitee on any binding authority in its own circuit or in Louisiana jurisprudence."). And AFC still does not explain why—when Louisiana has a "general rule that absent some specific language in the indemnification contract, attorney fees and defense costs are not owed," *id.*—that rule would be any different when enforcing the *implied* contract of indemnity in a legal indemnity action, *see, e.g.*, *Eaves v. Spirit Homes, Inc.*, 931 So. 2d 1173, 1179-80 (La. Ct. App. 3d Cir. 2006) ("[W]here there was no written contract for indemnity or for

attorney fees . . . Dr. Lord is entitled to indemnity from Arrow under a theory of implied indemnity which covers *only the damages and attorney fees of the original plaintiffs . . .* that Dr. Lord *was obligated to pay* in the main demand. Accordingly, Arrow has reimbursed Dr. Lord . . and that is all that Dr. Lord is entitled to under the theory of implied indemnity. As for Dr. Lord's claim to attorney fees as special damages . . . there clearly is no contract for attorney fees between Dr. Lord and Arrow, and Dr. Lord cites no statute providing for his reimbursement of his own attorney fees."). After all, it makes little sense for the Court to be giving broader recoveries in implied contract actions—*i.e.*, legal indemnity cases—than it gives when applying the default rule in contract indemnity cases.

Therefore, though *Eaves*'s rule is not necessarily the one the Court would pick if it were writing on a blank slate, this Court's job in an *Erie* case is not to pick what it thinks is the best rule from federal maritime cases and then entirely ignore state court decisions in service of obtaining the Court's preferred doctrine. Given current Louisiana intermediate appellate case law—which is not strictly binding, but nonetheless usually informative as to the wise *Erie* guess—this Court continues to conclude that the best *Erie* guess here is that some of the damages that AFC seeks are not recoverable under Louisiana law.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

3

New Orleans, Louisiana, July 26, 2017.

                                       _____
                                               **LANCE M. AFRICK**
                                 **UNITED STATES DISTRICT JUDGE**